IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ONEBEACON INSURANCE GROUP,

        Claimant.

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L. BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6 (11-FBI-004452)

        Defendant.

Case No: 1:11-CV-4175

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

Claimant OneBeacon Insurance Group ("Claimant") admits, denies and alleges as follows:

    1.    Claimant admits the allegations set forth in paragraph 1.

### Statutory Authority

    2.    Admitted in part and denied in part. Claimant admits that Defendant Funds consist of the property as enumerated. Claimant denies that the funds are forfeitable under the statutes cited.

    3.    The allegations in paragraph 3 relate to this Court's jurisdiction and are conclusions of law to which no response is required.

4. The allegations in paragraph 4 relate to this Court's jurisdiction and are conclusions of law to which no response is required.

5. The allegations in paragraph 5 relate to venue and are conclusions of law to which no response is required.

## Specific Allegations

*R.J. O'Brien & Associates*

6. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

*Bridge Investment, S.L. and Mohammad Qasim al Ghamdi*

8. Admitted in part and denied in part. Claimant admits that the account at issue was opened with RJO. Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. Claimant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Claimant admits that Mohammad Qasim al Ghamdi had ownership and control of the subject funds. Claimant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10.

*Muhammad Abdallah Abdan Al Ghamdi and Al-Qaeda*

11. Claimant admits the allegations set forth in paragraph 11.
12. Claimant admits the allegations set forth in paragraph 12.
13. Claimant admits the allegations set forth in paragraph 13.

14. Claimant admits the allegations set forth in paragraph 14.

15. Claimant admits the allegations set forth in paragraph 15.

16. Claimant admits the allegations set forth in paragraph 16.

17. Claimant admits the allegations set forth in paragraph 17.

*Al-Qaeda Fund Raising and Bridge Investment, S.L.*

18. Claimant admits the allegations set forth in paragraph 18.

19. Claimant admits the allegations set forth in paragraph 19.

20. Claimant admits the allegations set forth in paragraph 20.

21. Claimant admits the allegations set forth in paragraph 21.

*The Bridge Investment, S.L. Funds*

22. Admitted in part and denied in part. Claimant admits that the subject funds were maintained by Bridge Investments and contained in RJO accounts. As to the remaining allegations in paragraph 22, regarding the management, trading strategy and value of the investment account, Claimant is without knowledge or information sufficient to form a belief as to same.

*The OFAC Block*

23. Admitted in part and denied in part. Claimant admits that OFAC has the authority to block investment accounts pending investigation pursuant to Executive Order 13224. Claimant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23, and therefore deny same.

FIRST CLAIM FOR RELIEF

(18 U.S.C. § 981(A)(1)(G)(i) – Federal Crime of Terrorism)

24. Admitted in part and denied in part. Claimant admits the allegations set forth in paragraph 24 to the extent that the allegations demonstrate that there is probable cause to believe that the Defendant Funds constitute assets of an individual, entity, and organization engaged in planning and perpetrating a federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens and residents of the United States, and their property. Claimant denies that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) or any other statute. According to the allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. As set forth in more detail in their Notices of Verified Claims, Claimant has an existing default judgment against al Qaeda. In light of this default judgment, as well as al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimant has a legal interest in all funds and assets which are the subject of this forfeiture action.

SECOND CLAIM FOR RELIEF

(18 U.S.C. § 981(a)(1)(G)(i) – Federal Crime of Terrorism)

25. Admitted in part and denied in part. Claimant admits the allegations set forth in paragraph 25 to the extent that the allegations demonstrate that there is probable cause to believe that Defendant Funds constitute assets affording a person a source of influence over an entity and organization engaged in planning and perpetrating a federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens and residents of the United States, and their property. Claimant denies that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section

981(a)(1)(G)(i) or any other statute. According to the allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. As set forth in more detail in their Notices of Verified Claims, Claimant has an existing default judgment against al Qaeda. In light of this default judgment, as well as al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimant has a legal interest in all funds and assets which are the subject of this forfeiture action.

### THIRD CLAIM FOR RELIEF

(18 U.S.C. § 981(a)(1)(G)(iv) – International Terrorism)

26. Admitted in part and denied in part. Claimant admits the allegations set forth in paragraph 26 to the extent that the allegations demonstrate that there is probable cause to believe that the Defendant Funds constitute assets of an individual, entity, and organization engaged in planning and perpetrating an act of international terrorism against a foreign government. Claimant denies that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) or any other statute. According to the allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. As set forth in more detail in their Notices of Verified Claims, Claimant has an existing default judgment against al Qaeda. In light of this default judgment, as well as al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimant has a legal interest in all funds and assets which are the subject of this forfeiture action.

### Affirmative Defenses

Claimant affirmatively asserts its interest in the funds and assets which are the subject of this forfeiture action. The allegations demonstrate that there is probable cause to believe that the Defendant Funds constitute assets of the al Qaeda terrorist organization and/or of known al

Qaeda associates.  Claimant has made payments for the damages, losses and injuries resulting from the September 11th Attacks in the amounts set forth in the Verified Claims.  Claimant has an existing default judgment as to liability against al Qaeda in a suit seeking reimbursement for all losses and costs incurred as a result of the September 11th Attacks.  In light of its existing default judgment against al Qaeda, as well as al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimant has a legal interest in Defendants Funds sufficient to defeat forfeiture of such funds.  Claimant specifically claims that Defendant Funds are subject to execution or attachment in aid of execution in order to satisfy Claimant's judgment against al Qaeda pursuant to §201 of the Terrorism Risk Insurance Act, and therefore not subject to forfeiture to the United States government.  Claimant further asserts that the Defendant Funds are not subject to forfeiture under the anti-terrorist forfeiture protection codified in 18 U.S.C. § 987 and the "innocent owner" exceptions codified in 18 U.S.C. § 983(d).

WHEREFORE, Claimant respectfully requests the following relief:

1. Adjudication of this forfeiture action in accordance with Claimant's interest in the Defendant Funds as set forth above and in their Notices of Verified Claims filed on August 19, 2011 ; and

2. Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| | |
| Stephen A. Cozen, Esquire | COZEN O'CONNOR |
| PA Bar #03492 | |
| Sean P. Carter, Esquire | |
| PA Bar #78886 | |
| Cozen O'Connor | s/James I. Tarman, Jr. |
| 1900 Market Street | James I. Tarman, Jr., Esquire |
| Philadelphia, PA 19103 | Illinois State Bar #06274360 |
| 215-665-2020 | Cozen O'Connor |
| scozen@cozen.com | 333 West Wacker Drive |
| scarter1@cozen.com | Chicago, IL 60606-1293 |
| | 312-382-3100 |
| *Attorneys for Claimant* | jtarman@cozen.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | |
| ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784 MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6, | Case No. 1:11-CV-4175 |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2011, I electronically filed the foregoing Answer to Verified Complaint for Forfeiture with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Joel Hammerman, Esquire
Assistant United States Attorney
219 South Dearborn
Room 500
Chicago, IL 60604


s/James I. Tarman, Jr.
James I. Tarman, Jr., Esquire

CHICAGO\863205\1 117430.000