IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6,<br><br>    Defendant | No. 1:11-CV-4175<br><br>Judge Matthew F. Kennelly |

**CLAIMANTS' MOTION FOR LEAVE TO AMEND THEIR VERIFIED CLAIMS AND THEIR ANSWERS TO PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE**

Claimants VIGILANT INSURANCE COMPANY, CHUBB CUSTOM INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CHUBB INSURANCE COMPANY OF NEW JERSEY, CHUBB INSURANCE COMPANY OF CANADA, PACIFIC INDEMNITY COMPANY, GREAT NORTHERN INSURANCE COMPANY, AMERICAN ALTERNATIVE INSURANCE COMPANY, THE PRINCETON EXCESS & SURPLUS LINES INSURANCE COMPANY, GREAT LAKES UK INSURANCE COMPANY, AND ONE BEACON INSURANCE GROUP ("Claimants") by and through their attorneys, hereby move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Supplemental Rules A(2) and G(8)(c)(i)(A) for an order permitting them to file amended Verified Claims and Amended Answers to Plaintiff's Verified Complaint for Forfeiture to reflect their formal liens against the defendant funds. In support of this Motion, Claimants aver as follows.

1. The Complaint in the above captioned matter was filed by the United States Government on or about June 19, 2011.

2. Claimants are insurance companies that provided property, business interruption and related insurance coverage to numerous corporations, companies, partnerships, affiliations, persons, trusts, and other parties who suffered injuries, losses, and damages as a result of the September 11, 2001 terrorist attacks ("September 11th Attacks").

3. Insurance claims were submitted to Claimants by their policyholders and insureds, and payments were made in the total amount of $2,510,504,471.08 in compensation for property, business interruption, and related damages resulting from the September 11th Attacks pursuant to the terms of the applicable policies of insurance.

4. On September 10, 2003, Claimants, along with several other insurance groups, filed suit against, among others, the al Qaeda terrorist organization in the United States District Court for the Southern District of New York, seeking reimbursement for the losses incurred as a result of the September 11th Attacks.

5. On April 7, 2006, after having consolidated these various claims under the caption *In Re: Terrorist Attacks Upon the United States*, 03-MDL-1570 ("September 11th MDL"), the Honorable Richard C. Casey entered defaults as to liability against al Qaeda and in favor of Claimants.

6. On February 13, 2007, Claimants filed a Motion for Assessment of Damages Against Defaulting Defendants. On July 13, 2011, Judge George B. Daniels, who assumed management of the September 11th MDL following Judge Casey's death, referred the Motion for Assessment of Damages to Magistrate Judge Frank Maas for a damages inquest.

7. Meanwhile, in or about March 2003, a commodities future trading account was opened with R.J. O'Brien ("RJO"), the funds of which were maintained by RJO in a segregated futures customer account (XXX-171-6) at Harris Bank in Chicago.

8. From its inception through September 2005, a total of approximately $26,714,356.00 was deposited into two RJO trading accounts by Muhammad Abdallah Abdan Al Ghamdi, also known as Abu al Tayyeb ("Al Tayyeb"), a member of the al Qaeda terror network.

9. On or about June 18, 2007, the United States Department of the Treasury Office of Foreign Assets Control ("OFAC"), pursuant to Executive Order 13224 of September 23, 2001, the International Emergency Economic Powers Act, 50 U.S.C. §1701 *et seq.*, and the Global Terrorist Sanctions Regulations, 31 C.F.R. 594, blocked the two RJO investment accounts associated with the customer account number XXX-171-6.

10. These two accounts were subsequently renumbered XXX-X3931 and XXX-X1784, and they are the property against which this *in rem* proceeding has been brought. The Defendant Funds, which today total approximately $6,226,355.00, have remained OFAC-blocked in these two accounts since that date.

11. On or about June 19, 2011, the United States Government instituted a civil forfeiture action against the above captioned funds pursuant to 18 U.S.C. 981 §§ (a)(1)(g)(i) & (iv).

12. Claimants filed Verified Claims on or about August 19, 2011, alleging, *inter alia*, that they had priority entitlement to the Defendant Funds by virtue of the defaults rendered in the United States District Court for the Southern District of New York against the owners of Defendant Funds.

13. Claimants filed their Answers to Plaintiff's Verified Claim for Forfeiture on September 7, 2011.

14. On October 14, 2011, after repeated requests from Claimants, Judge Maas entered a Report and Recommendation setting damages owed by al Qaeda to Claimants (as well as to

other parties not included in the present action), mandatorily trebled under the relevant provisions of the Anti-terrorism Act, 18 U.S.C. § 2333, *et seq.*, at $9,351,247,965.99.

15. On December 16, 2011, Judge Daniels formally adopted the Report and Recommendation in its entirety, and issued an Order that judgment be entered in favor of Claimants and against al Qaeda for a sum totaling $7,503,642,626.07. That judgment represents damages awards to the individual Claimants in the following sums:

| | |
|---|---:|
| American Alternative Insurance Company | $11,768,346.21 |
| Chubb Custom Ins. Co. | $1,837,755.00 |
| Chubb Indemnity Ins. Co. | $12,251,634.60 |
| Chubb Ins. Co. of Canada | $151,357,187.13 |
| Chubb Ins. Co. of NJ | $1,238,045.13 |
| Federal Ins. Co. | $4,541,002,792.17 |
| Great Lakes Reinsurance (UK) Limited | $298,534,281.06 |
| Great Northern Ins. Co. | $1,787,991,341.37 |
| One Beacon Insurance Group | $529,544,956.20 |
| Pacific Indemnity Co. | $29,809,609.98 |
| The Princeton Excess & Surplus Lines Insurance Company | $11,388,877.50 |
| Vigilant Ins. Co. | $126,917,799.72 |

16. On December 22, 2011, the Clerk of Court of the United States District Court for the Southern District of New York entered judgment in favor of Claimants and against al Qaeda in accordance with Judge Daniels' December 16, 2011 Order.

17. On January 10, 2012, Judge Daniels issued an Order directing that the judgment in favor of Claimants and against al Qaeda be made final pursuant to Fed. R. Civ. P. 54(b).

18. On January 25, 2012, the Clerk of the Court for the United States District Court for the Southern District of New York entered a final judgment in favor of Claimants and against al Qaeda in accordance with Judge Daniels' January 10, 2012 Order.

19. Following expiration of the 30 day appeal period, claimants registered their judgment in the United States District Court for the District of Illinois in accordance with 28 U.S.C. §1963. The registered judgment was assigned Docket No. 1:12-cv-01346, and assigned to Judge Gettleman for any related proceedings. A copy of the Registration of Judgment is attached hereto as Exhibit A.

20. On March 13, 2012, Claimants took steps to establish liens against the Defendant Funds on the basis of the registered final judgments, through the filing of a Praecipe for Writ of Execution. A copy of the Praecipe for Writ of Execution is attached hereto as Exhibit B.

21. Thereafter, on March 27, 2012, this Court issued its decision on Plaintiffs' Motion to Strike Claimants' Verified Claims and Answers, and Claimants' Motion for Leave to Amend their Verified Claims and Answers. The Court granted Plaintiffs' Motion to Strike, reasoning that Claimants, as unsecured creditors, lacked statutory and prudential standing to challenge the forfeiture of the Defendant Funds. *See* Memorandum Opinion and Order, Docket No. 74, at pp. 9-13.

22. The Court also denied Claimants' Motion for Leave to Amend their claims, reasoning that the proposed amendment would not cure the identified defects in Claimants' prudential and statutory standing, because Claimants had not secured a lien against the Defendant Funds. *See id.* at p.15. In reaching that decision, the Court noted as follows:

> The Court need not consider whether they legally can serve a citation at this time or, if so, whether it would be appropriate than to allow the insurance claimants to amend their claims. Similarly, the Court need not consider the effects of the Terrorism Risk Insurance Act of 2002, Pub. L. 107-297, §201, 116 stat. 2332, 2337, on the Claimants' ability to execute their judgments against the property at issue in this case.

*Id.*

23. Although Claimants had filed their Praecipe for Writ of Execution on March 13, 2012, the presiding Court had not yet issued and served the Writ as of the date of this Court's March 27, 2012 Decision. In view of the delays attendant to the issuance and service of the Writ of Execution, Claimants initiated parallel efforts to perfect the liens against the Defendant Funds through the filing of a Notice of Citation to Discover Assets and Citation to Discover Assets, filed of record on April 6, 2012. Copies of the Notice of Citation to Discover Assets and Citation to Discover Assets are included as Exhibit C hereto.

24. On April 6, 2012, the Notice of Citation to Discover Assets and Citation to Discover Assets were served on the U.S. Marshals' Service. A copy of the Affidavit of Service is included in Exhibit C hereto.

25. Claimants mailed copies of the Citation to Discover Assets via first-class mail to the last known address of senior representatives of the judgment debtor, al Qaeda, on April 10, 2012, in accordance with the requirements of 735 ILCS 1402(b). The Affidavit of Service of the Citation was filed with the Court on that same day.

26. On April 10, 2012, the Courtroom Deputy entered a minute entry before Judge Gettleman ordering the Writ of Execution to issue. A copy of the minute entry is included as Exhibit D hereto.

27. Claimants' liens against the defendant funds were perfected as of the date of service of the Citation to Discover Assets. *See Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997).

28. Rule 15(a) of the Federal Rules of Civil Procedure, in conjunction with Supplemental Rules A(2) and G(8)(c)(i)(A), permits a third-party claimant in an *in rem* civil

5

forfeiture proceeding to amend a Verified Claim and Answer by leave of the court which is to be given freely when justice so requires.

29. Claimants respectfully request that this Court grant them leave to file Amended Verified Claims and Amended Answers to Plaintiff's Verified Complaint for Forfeiture to reflect their liens against the Defendant Funds.

30. The liens are relevant to the present action as they establish Claimants' statutory and prudential stand to make a claim to the Defendant Funds. As such, justice requires that Claimants be afforded an opportunity to file Amended Verified Claims and Amended Answers to Plaintiff's Verified Complaint for Forfeiture, so that this Court may fully and fairly adjudicate Claimants' rights and privileges as they currently exist.

31. Claimants' request will not prejudice the Plaintiff or the Defendant Funds in this action, as both were on notice of Claimants' claims and all relevant facts pertaining to their entitlement to the Defendant Funds by virtue of their Verified Claim, as timely filed on or about August 19, 2011.

32. Claimants have not acted dilatorily in filing this motion because the final judgment which forms the basis of their liens against the Defendant Funds, which judgment Claimants have been pursuing diligently since 2005, was not issued until January 25, 2012, and Claimants initiated their efforts to secure liens on the basis of that judgment as soon as they were able to do so.

33. Because of the liens' extensive and immediate relevance to the present action, the requested amendments will not be futile or otherwise wasteful of this Court's and/or the parties' time and resources.

WHEREFORE, Claimants respectfully request this Court grant their request for leave to file Amended Verified Claims and Amended Answers to Plaintiff's Verified Complaint for Forfeiture, to reflect their liens against the Defendant Assets.

Dated: April 11, 2012

                                               Respectfully submitted,

                                               COZEN O'CONNOR

/s/ James I. Tarman, Jr.
James I. Tarman, Jr., Esquire
Illinois State bar # 06274360
Cozen O'Connor
333 West Wacker Drive
Chicago, IL 60606-1293
312-382-3100

Attorneys For Claimants, Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company Of New Jersey, Chubb Insurance Company Of Canada, Pacific Indemnity Company, Great Northern Insurance Company, American Alternative Insurance Company, The Princeton Excess & Surplus Lines Insurance Company, Great Lakes UK Insurance Company, and One Beacon Insurance Group.

## **CERTIFICATE OF SERVICE**

I, James I. Tarman, Jr., Esquire, hereby certify that I caused a copy of the foregoing to be served upon the attorneys listed below via electronic filing on this 11th day of April, 2012:

Brian Thomas Frutig  bfrutig@motleyrice.com

Jerry S. Goldman  jgoldman@andersonkill.com

Andrew J. Maloney  amaloney@kreindler.com

Timothy S. Tomasik  tst@cliffordlaw.com,  jmreasor@cliffordlaw.com

Joel M. Hammerman  catherine.miller@usdoj.gov,  jean.weld@usdoj.gov  kondi.kleinman@usdoj.gov,  christine.rekash@usdoj.gov,  usailn.ecfausa@usdoj.gov,  frederick.reynolds@usdoj.gov,  joel.hammerman@usdoj.gov

                                              s/James I. Tarman, Jr.

CHICAGO\900147\1 117430.000