IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| v. | No. 1:11-CV-4175 |
| ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6, | Judge Matthew F. Kennelly |
| Defendant | |

**CLAIMANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED VERIFIED CLAIMS AND AMENDED ANSWERS TO PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE**

I. **PRELIMINARY STATEMENT**

Claimants' motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which calls for courts to allow such amendments liberally where the interests of justice so require. Because the interests of justice require leave to amend in the present action, and because there is no reason for which such leave should be denied, Claimants respectfully submit that such leave should be granted.

II. **FACTUAL BACKGROUND**

The Complaint in the above captioned matter was filed on or about June 19, 2011. Claimants are insurance companies that provided property, business interruption, and related insurance coverage to numerous corporations, companies, partnerships, affiliations, persons, trusts, and other parties who suffered injuries, losses, and damages as a result of the September 11, 2001 terrorist attacks ("September 11th Attacks"). Insurance claims were submitted to Claimants by their policyholders and insured, and payments were made in amounts totaling

$2,510,504,471.08 in compensation for property, business interruption, and related damages resulting from the September 11th Attacks pursuant to the terms of the applicable policies of insurance.

On September 10, 2003, Claimants, along with several other insurance groups, filed suit against, among others, the al Qaeda terrorist organization in the United States District Court for the Southern District of New York, seeking reimbursement for the losses and costs incurred as a result of the September 11th Attacks. On April 7, 2006, after having consolidated these various claims under the caption *In Re: Terrorist Attacks Upon the United States*, 03-MDL-1570 ("September 11th MDL"), the Honorable Richard C. Casey entered defaults as to liability against al Qaeda and in favor of Claimants.

On February 13, 2007, Claimants filed a Motion for Assessment of Damages Against Defaulting Defendants. On July 13, 2011, Judge George B. Daniels, who assumed management of the September 11th MDL following Judge Casey's death, referred the Motion of Assessment of Damages to Magistrate Judge Frank Maas for a damages inquest.

Meanwhile, on or about March 2003, a commodities future trading account was opened with R.J. O'Brien ("RJO"), the funds of which were maintained by RJO in a segregated futures customer account (XXX-171-6) at Harris Bank. From its inception through September 2005, a total of approximately $26,714,356.00 was deposited into RJO trading accounts by Muhammad Abdallah Abdan Al Ghamdi, also known as Abu al Tayyeb ("Al Tayyeb"), a member of the al Qaeda terror network.

On or about June 18, 2007, the United States Department of the Treasury Office of Foreign Assets Control ("OFAC"), pursuant to Executive Order 13224 of September 23, 2001, the International Emergency Economic Powers Act, 50 U.S.C. §1701 *et seq.*, and the Global Terrorist Sanctions Regulations, 31 C.F.R. 594, blocked the two RJO investment accounts

associated with the customer account number XXX-171-6. These two accounts were subsequently renumbered XXX-X3931 and XXX-X1784, and they are the property against which this *in rem* proceeding has been brought. The Defendant Funds, which today total approximately $6,226,355.00, have remained OFAC-blocked in these two accounts since that date.

On or about June 19, 2011, the United States Government instituted a civil forfeiture action against the above captioned funds pursuant to 18 U.S.C. 981 §§ (a)(1)(g)(i) & (iv). Claimants filed their Verified Claims on or about August 19, 2011, alleging, *inter alia*, that they had priority entitlement to Defendant Funds by virtue of the defaults rendered in another court against the owners of Defendant Funds. Claimants filed their Answers to Plaintiff's Verified Claim for Forfeiture on September 9, 2011.

On October 14, 2011, after repeated requests from Claimants, Judge Maas entered a Report and Recommendation setting damages owed by al-Qaeda to Claimants (as well as to other parties not included in the present action), mandatorily trebled under the relevant provisions of the Anti-terrorism Act, 18 U.S.C. § 2333, *et seq.*, at $9,351,247,965.99. On December 16, 2011, Judge Daniels formally adopted the Report and Recommendation in its entirety, and issued an Order that judgment be entered in favor of Claimants and against al Qaeda for a sum of $7,503,642,626.07. That judgment represents damages awards to the individual Claimants in the following sums:

| | |
|---|---:|
| American Alternative Insurance Company | $11,768,346.21 |
| Chubb Custom Ins. Co. | $1,837,755.00 |
| Chubb Indemnity Ins. Co. | $12,251,634.60 |
| Chubb Ins. Co. of Canada | $151,357,187.13 |
| Chubb Ins. Co. of NJ | $1,238,045.13 |
| Federal Ins. Co. | $4,541,002,792.17 |

| | |
|---|---|
| Great Lakes Reinsurance (UK) Limited | $298,534,281.06 |
| Great Northern Ins. Co. | $1,787,991,341.37 |
| One Beacon Insurance Group | $529,544,956.20 |
| Pacific Indemnity Co. | $29,809,609.98 |
| The Princeton Excess & Surplus Lines Insurance Company | $11,388,877.50 |
| Vigilant Ins. Co. | $126,917,799.72 |

On December 22, 2011, the Clerk of Court of the United States District Court for the Southern District of New York entered judgment in favor of Claimants and against al Qaeda in accordance with Judge Daniels' December 16, 2011 Order. On January 10, 2012, Judge Daniels issued an Order directing that the judgment in favor of Claimants and against al Qaeda be made final pursuant to Fed. R. Civ. P. 54(b). On January 25, 2012, the Clerk of the Court for the United States District Court for the Southern District of New York entered a final judgment in favor of Claimants and against al Qaeda in accordance with Judge Daniels' January 10, 2012 Order.

Following expiration of the 30 day appeal period, Claimants registered their judgment in the United States District Court for the District of Illinois in accordance with 28 U.S.C. §1963. The registered judgment was assigned Docket No. 1:12-cv-01346, and assigned to Judge Gettleman for any related proceedings. On March 13, 2012, Claimants took steps to establish liens against the Defendant Funds on the basis of the registered final judgments, through the filing of a Praecipe for Writ of Execution.

Thereafter, on March 27, 2012, this Court issued its decision on Plaintiffs' Motion to Strike Claimants' Verified Claims and Answers, and Claimants' Motion for Leave to Amend their Verified Claims and Answers. The Court granted Plaintiffs' Motion to Strike, reasoning that Claimants, as unsecured creditors, lacked statutory and prudential standing to challenge the forfeiture of the Defendant Funds. *See* Memorandum Opinion and Order, Docket No. 74, at pp.

9-13. The Court also denied Claimants' Motion for Leave to Amend their claims, reasoning that the proposed amendment would not cure the identified defects in Claimants' prudential and statutory standing, because Claimants had not secured a lien against the Defendant Funds. *See id.* at p.15. In reaching that decision, the Court noted as follows:

> The Court need not consider whether they legally can serve a citation at this time or, if so, whether it would be appropriate than to allow the insurance claimants to amend their claims. Similarly, the Court need not consider the effects of the Terrorism Risk Insurance Act of 2002, Pub. L. 107-297, §201, 116 stat. 2332, 2337, on the Claimants' ability to execute their judgments against the property at issue in this case.

*Id.*

Although Claimants had filed their Praecipe for Writ of Execution on March 13, 2012, the presiding Court had not yet issued and served the Writ as of the date of this Court's March 27, 2012 Decision. In view of the delays attendant to the issuance and service of the Writ of Execution, Claimants initiated parallel efforts to perfect the liens against the Defendant Funds through the filing of a Notice of Citation to Discover Assets and Citation to Discover Assets, filed of record on April 6, 2012. On April 6, 2012, the Notice of Citation to Discover Assets and Citation to Discover Assets were served on the U.S. Marshals' Service. Claimants mailed copies of the Citation to Discover Assets via first-class mail to the last known address of senior representatives of the judgment debtor, al Qaeda, on April 10, 2012, in accordance with the requirements of 735 ILCS 1402(b). The Affidavit of Service of the Citation was filed with the Court on that same day. In addition, on April 10, 2012, the Courtroom Deputy entered a minute entry before Judge Gettleman ordering the Writ of Execution to issue. Claimants' liens against the defendant funds were perfected as of the date of service of the Citation to Discover Assets. *See Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997).

### III.    ARGUMENT

#### A.    Motions to Amend Should Generally be Granted

Once a responsive pleading has been served, a party may amend its pleading only by leave of court, which is to be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  <u>See</u>, e.g., <u>Sound of Music Co. v. Minnesota Min. & Mfg. Co.</u>, 477 F. 3d 910, 922 (7th Cir. 2007).  Leave to amend should generally be denied only "if there is undue delay, bad faith, or dilatory motive, or undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment."  <u>Id.</u>  (internal punctuation omitted).

#### B.    The Dictates of Federal Rule 15(a) Apply to Motions to Amend Verified Claims in *In Rem* Civil Forfeiture Actions

Because this action is an *in rem* civil forfeiture action arising from a federal statute, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply.  Supp. R. Fed. R. Civ. P. A(1)(B).  As stated in the Supplemental Rules, the Federal Rules of Civil Procedure also apply to proceedings to which the Supplemental Rules are applicable "except to the extent that they are inconsistent with these Supplemental Rules."  Supp. R. Fed. R. Civ. P. A(2).  Because there is no applicable rule in the Supplemental Rules to the contrary, and because the Supplemental Rules in fact endorse the liberal amendment standard of Federal Rule 15(a), that rule applies to a motion for leave to amend a Verified Claim and Answer, and such leave should be granted to the same extent leave would be granted to amend a complaint in a typical civil action.

This is precisely what federal courts consistently have done.  <u>See</u>, <u>e.g.</u>, <u>United States v. Wells Fargo Bank</u>, 2010 U.S. Dist. LEXIS 126901, at *2-5 (E.D. Wis. 2010) (applying liberal amendment standard of Rule 15(a) and allowing government to amend its Verified Complaint in a civil forfeiture action where government was not dilatory).  As one court has put it, "[a] court

6

should engage in a traditional Rule 15 analysis of requests to amend or correct filings in forfeiture cases and determine whether the [non-moving party] was aware of the claimant's interest in the property and whether it would be prejudiced by any amendment to either the answer or the claim." U.S. v. Currency $8,001, 2007 U.S. Dist. LEXIS 4679, at *6 (D.Ohio 2007) (remanding motion for leave to amend for determination of those factual questions) *citing* United States v. Currency $ 267,961.07, 916 F.2d 1104, 1108-1109 (6th Cir. 1990). Indeed, this is the position taken by the rules themselves. As the Advisory Committee Notes on Supplemental Rule G(8)(c)(i)(A) make clear, "[a] court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15."

  **C. Under Federal Rule 15(A), Leave To Amend Should Be Granted Because Justice So Requires And Because None Of The Reasons For Which Such Leave Should Be Denied Are Present**

    **1. Justice So Requires That Leave To Amend Be Granted.**

Claimants received a final judgment against al Qaeda in the United States District Court for the Southern District of New York on January 25, 2012, and promptly initiated efforts to establish liens against the Defendant Funds following entry of that final judgment. At this time, Claimants' liens against the Defendant Funds have been established. Allowing Claimants to file Amended Verified Claims is appropriate to allow this Court to fully and fairly adjudicate the rights and privileges of the parties to the present action as they currently exist. Indeed, Rule 15 "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." Lewis v. Sherwin Williams Salaried Med. Plan, 2010 U.S. Dist. LEXIS 133515 at *2 (S.D. Ill. 2010). In order for the full merits of the present action to be properly before this Court, and in order for justice to thereby be fully served, leave to amend the Claimants' Verified Claims and Answers should be granted.

**2. No Reason, Such As Undue Delay, Bad Faith, Dilatory Motive, Undue Prejudice To The Opposing Party, Or Futility, Exists That Would Warrant Denial Of Claimants' Motion.**

Claimants diligently pursued a final judgment from the United States District Court for the Southern District of New York. That final judgment, through no fault of the Claimants, was not entered by the Clerk of that Court until January 25, 2012. Promptly following the entry of that final judgment, Claimants initiated diligent efforts to perfect liens against the Defendant Funds, and have submitted this motion at the earliest possible date following the establishment of those liens. As such, there has been no undue delay or dilatory tactics on their part.

In addition, there would be no prejudice to the Government or the Defendant Funds in this action, as both have long been on notice of Claimants' claim and the factual and legal bases thereto. To the extent such an amendment would alter the outcome of the present litigation, it would do so only to the extent that justice requires and not in any way that prejudices the Government's or the Defendant Fund's rights in any way.

Finally, such an amendment would not be futile or otherwise immaterial. On the contrary, because the existence of the liens are clearly relevant to the Claimants' argument that they have priority entitlement to the Defendant Funds, the moved-for amendment would be highly operative to their claim in the present action.

**IV. CONCLUSION**

For the foregoing reasons, Claimants respectfully request that this Court grant their request to amend their Verified Claims and Answers to reflect the existence of their liens against the Defendant Funds.

Dated: April 11, 2012

          Respectfully submitted,

          COZEN O'CONNOR

          /s/ James I. Tarman, Jr.
          James I. Tarman, Jr., Esquire
          Illinois State bar # 06274360
          Cozen O'Connor
          333 West Wacker Drive
          Chicago, IL 60606-1293
          213-382-3100

          Attorneys For Claimants, Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company Of New Jersey, Chubb Insurance Company Of Canada, Pacific Indemnity Company, Great Northern Insurance Company, American Alternative Insurance Company, The Princeton Excess & Surplus Lines Insurance Company, Great Lakes UK Insurance Company, and One Beacon Insurance Group.

## **CERTIFICATE OF SERVICE**

I, James I. Tarman, Jr., an attorney, hereby certify that I caused a copy of the foregoing to be served upon the attorneys listed below via electronic filing on this 11th day of April, 2012:

Brian Thomas Frutig  bfrutig@motleyrice.com

Jerry S. Goldman  jgoldman@andersonkill.com

Andrew J. Maloney  amaloney@kreindler.com

Timothy S. Tomasik  tst@cliffordlaw.com,  jmreasor@cliffordlaw.com

Joel M. Hammerman  catherine.miller@usdoj.gov,  jean.weld@usdoj.gov,

kondi.kleinman@usdoj.gov,  christine.rekash@usdoj.gov,  usailn.ecfausa@usdoj.gov,

frederick.reynolds@usdoj.gov,  joel.hammerman@usdoj.gov

/s/ James I. Tarman Jr.

CHICAGO\900151\1 117430.000