IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784 MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6,<br><br>                      Defendant. | Case No. 1:11-CV-4175 |

**AMENDED VERIFIED CLAIM OF THE CHUBB GROUP OF COMPANIES**

By and through its attorneys, Cozen O'Connor, and in accordance with the Court's Memorandum Opinion and Order of September 25, 2012, The Chubb Group of Companies hereby submits its Amended Verified Claim against the funds and assets which are the subject of the above captioned forfeiture action.

Of Counsel:

Stephen A. Cozen, Equire
PA Bar #03492
Sean P. Carter, Esquire
PA Bar #78886
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-2020
scozen@cozen.com
scarter1@cozen.com
*ATTORNEYS FOR THE CHUBB GROUP OF COMPANIES*

Respectfully submitted,

COZEN O'CONNOR


*/s/ James I. Tarman, Jr.,*
James I. Tarman, Jr., Esquire
Illinois Bar #06274360
Cozen O'Connor
333 West Wacker Drive
Chicago, IL 60606-1293
312-382-3100
jtarman@cozen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6,<br><br>Defendant | No. 11 C 4175<br><br>Judge Matthew F. Kennelly |

**AMENDED VERIFIED CLAIM OF VIGILANT INSURANCE COMPANY, CHUBB CUSTOM INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CHUBB INSURANCE COMPANY OF NEW JERSEY, CHUBB INSURANCE COMPANY OF CANADA, PACIFIC INDEMNITY COMPANY, AND GREAT NORTHERN INSURANCE COMPANY**

I, Donald L. Siegrist, Jr., submit this Amended Verified Claim on behalf of the following members of the Chubb Group of Insurance Companies: Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company of New Jersey, Chubb Insurance Company of Canada, Pacific Indemnity Company, and Great Northern Insurance Company (hereinafter referred to collectively as "the Chubb Companies"). Having been duly sworn according to law, I depose and say the following in support of this Amended Verified Claim:

1. I am a Vice President and an Officer of Chubb & Son, a division of Federal Insurance Company, and a Manager at its insurance subsidiaries, which are known informally as the Chubb Group of Insurance Companies.

2. As an officer of Chubb, I have been authorized to execute this Amended Verified Claim on behalf of the Chubb companies.

3. The Chubb companies submit this Amended Verified Claim to assert their interests in the funds and assets which are the subject of this forfeiture action, including in particular all funds on deposit with R.J. O'Brien & Associates, held in the name of Bridge Investments, S.L., bearing account numbers XXX-X3931 and XXX-X1784, maintained at Harris Bank under account number XXX-171-6 (hereinafter "Defendant Funds"). According to the Complaint filed by the Department of Justice, Defendant Funds consist of assets of the al Qaeda terrorist organization, and/or of known al Qaeda associates.

4. In connection with the preparation of this Amended Verified Claim, I have undertaken a review of the Chubb companies' records necessary to determine that the Chubb companies provided property, business interruption and related insurance coverage to numerous corporations, companies, partnerships, affiliations, persons, trusts and other parties ("policyholders and insureds") who suffered injuries, losses and damages as a result of the September 11, 2001 terrorist attacks upon the United States (hereinafter "the September 11th Attacks"). Based on my review of the Chubb companies' records, I have further confirmed that insurance claims were submitted to the Chubb companies by their policyholders and insureds for damages and injuries resulting from the September 11th Attacks, and that payments were made by the Chubb companies to their insureds in compensation for these losses.

5. Based on my review of the Chubb companies' records, and information I have also received in my capacity as an officer of Chubb, I have knowledge concerning the insurance claims submitted to the Chubb companies by their policyholders and insureds for the damages, losses and injuries resulting from the September 11th attacks, the adjustment and subsequent payments made by the Chubb companies in compensation for these submitted claims, and efforts undertaken by the Chubb companies to recover amounts paid to their insureds for losses and

injuries resulting from the September 11th Attacks from responsible third-party tortfeasors, including the al Qaeda terrorist organization.

6. Based on my review of the Chubb companies' records, I have confirmed that the Chubb companies have made aggregate payments in an amount in excess of $2,217,468,721.70 in compensation for property, business interruption and related damages resulting from the September 11th Attacks, pursuant to the terms of applicable polices of insurance. The Chubb companies would not have made these payments and suffered these losses, nor would their insureds and policyholders have suffered these losses, but for the September 11th Attacks.

7. More specifically, the Chubb companies have made payments to policyholders and insureds as a result of the September 11th Attacks in at least the following amounts:

| Vigilant Ins. Co. | $ | 42,305,933.24 |
|---|---|---|
| Chubb Custom Ins. Co. | $ | 612,585.00 |
| Chubb Indemnity Ins. Co. | $ | 4,083,878.20 |
| Federal Ins. Co. | $ | 1,513,667,597.39 |
| Chubb Ins. Co. of NJ | $ | 412,681.71 |
| Chubb Ins. Co. of Canada | $ | 50,452,395.71 |
| Pacific Indemnity Co. | $ | 9,936,536.66 |
| Great Northern Ins. Co. | $ | 595,997,113.79 |

8. The Chubb companies also suffered losses in relation to the September 11th Attacks as a result of the need to incur costs in the claims adjustment process relative to the claims submitted by their insureds for injuries suffered as a result of the Attacks. The costs incurred by the Chubb companies in relation to the claims adjustment process exceed $30,579,071.71 as of this date.

9. On September 10, 2003, the Chubb companies and several other insurance groups filed suit against, among others, the al Qaeda terrorist organization in the United States District Court for the Southern District of New York, seeking reimbursement for all losses and costs

3

incurred as a result of the September 11th Attacks. The caption for the Chubb companies' lawsuit against al Qaeda is *Federal Insurance Company v. Al Qaida, et al.*, 03 CV 06978.

10. On March 10, 2004, the Court consolidated the *Federal Insurance* Plaintiffs' case with several other actions arising from the September 11th Attacks, which had been previously transferred and/or consolidated before the Honorable Richard Conway Casey of the United States District Court for the Southern District of New York by the Judicial Panel on Multi-District Litigation, for consolidated pre-trial proceedings under the caption *In Re: Terrorist Attacks Upon the United States*, 03-MDL-1570 (hereinafter the "*Terrorist Attacks* MDL").

11. On April 7, 2006, Judge Casey entered default judgments as to liability against al Qaeda and in favor of the Chubb companies. A copy of the Order entering default judgments in favor of the Chubb companies and against al Qaeda is attached hereto as Exhibit "A."

12. On February 13, 2007, the Chubb companies and other plaintiffs in the *Federal Insurance* action filed a Motion for Assessment of Damages Against Defaulting Defendants, through which they sought to set the monetary value of their default judgments against al Qaeda.

13. On July 13, 2011, Judge George B. Daniels, who assumed management of the *Terrorist Attacks* MDL following Judge Casey's death, referred the Motion for Assessment of Damages to Magistrate Judge Frank Maas for a damages inquest.

14. On October 14, 2011, Magistrate Judge Maas issued a Report and Recommendation concerning the Motion for Assessment of Damages, through which he recommended that judgment be entered in favor of the Chubb companies and against al Qaeda for *compensatory* damages in the aggregate amount of $2,217,568,721.70. In accordance with

4

the mandatory treble damages provisions of the Anti-terrorism Act, 18 U.S.C. § 2333 et seq., Magistrate Judge Maas further recommended that the compensatory damage award in favor of the Chubb companies be trebled, and thus recommended a final aggregate award in favor of the Chubb companies in the amount of $6,652,406,165.10. A copy of the Report and Recommendation is attached hereto as Exhibit "B."

15. On December 16, 2011, Judge Daniels formally adopted the Report and Recommendation in its entirety, and issued an Order that judgment be entered in favor of the Chubb companies and against al Qaeda as follows:

| | |
|---|---|
| Chubb Custom Insurance Company | 1,837,755.00 |
| Chubb Insurance Company of Canada | 151,357,187.13 |
| Chubb Insurance Company of New Jersey | 1,238,045.13 |
| Chubb Indemnity Insurance Company | 12,251,634.60 |
| Federal Insurance Company | 4,541,002,792.17 |
| Great Northern Insurance Company | 1,787,991,341.37 |
| Pacific Indemnity Insurance Company | 29,809,609.98 |
| Vigilant Insurance Company | 126,917,799.72 |

A copy of Judge Daniels' December 16, 2011 Order is attached hereto as Exhibit "C."

16. On December 22, 2011, the Clerk of Court of the United States District Court for the Southern District of New York entered judgment in favor of the Chubb companies and against al Qaeda in accordance with Judge Daniels' December 16, 2011 Order. A copy of the Judgment is attached hereto as Exhibit "D."

17. On January 10, 2012, Judge Daniels issued an Order directing that the judgment in favor of the Chubb companies and against al Qaeda be made final pursuant to Fed. R. Civ. P. 54(b). A copy of the January 10, 2012 Order is attached hereto as Exhibit "E."

18. On January 25, 2012, the Clerk of Court of the United States District Court for the Southern District of New York entered final judgment in favor of the Chubb companies and against al Qaeda in accordance with Judge Daniels' January 10, 2012 Order. A copy of the Final Judgment is attached hereto as Exhibit "F."

19. In light of their final judgments against al Qaeda, as well as al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, the Chubb companies have a legal interest in all funds and assets which are the subject of this forfeiture action, are entitled to execute against those funds in satisfaction of their judgments pursuant to § 201 of the Terrorism Risk Insurance Act, and submit this Amended Verified Claim for purposes of making claim to those assets.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed this 25 day of JANUARY, 2012.

_____
Donald L. Siegrist, Jr., Vice President
Chubb & Son, a division of Federal Insurance Company

PHILADELPHIA\6320072\1 117430.000

PATRICIA SMITH
Notary Public, State of New Jersey
No. 2101930
Qualified in Warren County
Commission Expires July 1, 2012