Exhibit "C"

Case 1:03-md-01570-GBD-FM   Document 2502   Filed 12/16/11   Page 1 of 5



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

:

:           MEMORANDUM DECISION
            AND ORDER
:           03 MDL 1570 (GBD)(FM)

:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

This Document Relates to
Federal Insurance Co. v. al Qaeda,
03 Civ. 6978 (GBD) (FM)

GEORGE B. DANIELS, District Judge:

The plaintiffs in this multi-district litigation seek monetary damages from defendants who they allege are liable for the physical destruction, death, and injuries suffered as a result of the terrorist attacks of September 11, 2001 ("September 11th Attacks"). On April 7, 2006, Judge Casey ordered that a default judgment be entered against al Qaeda and a number of other defendants as to liability, based upon their failure to appear to defend the claims against them. The plaintiffs in Federal Insurance Co. v. al Qaeda ("Plaintiffs")[1] subsequently moved pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, et seq., to assess damages against al Qaeda alone for injuries sustained by their "property or business." See Docket Entry No. 688.

---

[1] These Plaintiffs are AXA Art Insurance Company, AXA Global Risks (LTK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA Re, AXA Re Canadian Branch, AXA Re UK Plc, AXA Versicherung, and SPS Re (collectively, "AXA"); Chubb Custom Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Chubb Indemnity Insurance Company, Federal Insurance Company, Great Northern Insurance Company, Pacific Indemnity Company, and Vigilant Insurance Company (collectively, "Chubb"); American Alternative Insurance Corporation, the Princeton Excess and Surplus Lines Insurance Company (collectively, "MRAm"); One Beacon Insurance Company; and TIG Insurance Company ("TIG"). Docket Entry No. 688.

This Court referred the matter to Magistrate Judge Frank Maas for his Report and Recommendation ("Report"). Magistrate Judge Maas recommended that Plaintiffs be awarded damages on their subrogation claims against al Qaeda as follows:

| CARRIER | AMOUNT |
|---|---|
| AXA | $1,619,352,652.02 |
| Chubb | 6,652,406,165.10 |
| MRAm | 321,691,504.77 |
| OneBeacon | 529,544,956.20 |
| TIG | 228,252,687.90 |
| Total | $9,351,247,965.99 |

Magistrate Judge Maas recommended that Plaintiffs' additional claims for their adjustment costs and legal fees be denied without prejudice.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619,

2

620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Maas properly determined that Plaintiffs suffered injury to their "property or business" entitling them to treble damages pursuant to the ATA on their subrogation claims. While the Court is not aware of any case law discussing the proper interpretation of "property or business" under the ATA, similar language in the Clayton Act, 15 U.S.C. §§ 12 et seq., and the civil RICO statute, 18 U.S.C. § 1964 has been interpreted broadly to include money losses incurred by commercial enterprises where the statutory violation proximately caused plaintiff's damages. See Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979); Holmes v. Sec. Inv. Prot. Corp., 503 U.S. 258, 268-69 (1992). The same broad interpretation is appropriate in the context of the ATA.

Accepting as true all of the factual allegations in Plaintiffs' complaint and making "all reasonable inferences" from their proferred evidence, as required in the context of an inquest, Plaintiffs have identified each of the insurance claims they paid as compensation for property loss, business interruption, and related damages, and have attested that these damages were directly caused by the September 11th terrorist attacks. (See, e.g., Carter Affirm., Ex. C ¶ 14 & Ex. A). Further, Plaintiffs allege in their First Amended Complaint that al Qaeda orchestrated the September 11th attacks. (See 03 Civ. 6978, Docket Entry No. 104). Plaintiffs have provided

3

a sufficient basis to determine damages and thus are entitled to damages on their subrogation claims as outlined above. See Transatl. Marine Claims Agency, Inc. v. ACE Shipping Corp., 109 F. 3d 105, 111 (2d Cir. 1997) (noting that the Court "should take the necessary steps to establish damages with reasonable certainty").

Magistrate Judge Maas also properly determined that Plaintiffs are not entitled to damages in the form of claim adjustment costs and legal expenses incidental to the payments made to their insureds. Plaintiffs have not provided sufficient evidence to establish these damages with reasonable certainty. Id.; See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

**Conclusion**

This Court adopts the Report and Recommendation in its entirety. Plaintiffs should be awarded judgment on their subrogation claims against al Qaeda under the ATA as follows:

| CARRIER | AMOUNT |
|---|---|
| AXA | $1,619,352,652.02 |
| Chubb | 6,652,406,165.10 |
| MRAm | 321,691,504.77 |
| OneBeacon | 529,544,956.20 |
| TIG | 228,252,687.90 |
| Total | $9,351,247,965.99 |

4

Plaintiffs' additional claims for their adjustment costs and legal fees should be denied without prejudice.

Dated: New York, New York
December 15, 2011

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge