UNITED STATES OF AMERICA,

       Plaintiff,

  v.

ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6,

       Defendant.

No. 11 C 4175

Judge Matthew F. Kennelly

# MOTION OF THE UNITED STATES TO STRIKE
# RULE 26(A) DISCLOSURE ORDER

The United States, by its attorneys, respectfully moves the Court to strike its Rule 26(a) disclosure order in the above-referenced case. In support of its motion, the government states as follows:

    1.    This is an *in rem* forfeiture action brought by the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) and (iv). R. 1.[1]

    2.    On October 18, 2012, the Court issued a Minute Order in which it ordered the parties to produce disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) by December 20, 2012. *See* R. 99.

    3.    In general, Federal Rule of Civil Procedure 26(a)(1)(A) requires civil litigants to disclose certain preliminary discovery information to their

---

[1] Citations to the record in this matter are referenced by an "R." notation, followed by the relevant document number. Citations to the record in the related matter, *Art Insurance Co. v. Al Qaeda*, Case No. 12 C 1346, are identified by an "E.A." notation followed by the particular docket entry referenced.

adversaries at the onset of a case. *See generally* Fed. R. Civ. P. 26(a)(1)(A). The Rule, however, exempts certain types of actions from these mandatory disclosure obligations. *See* Fed. R. Civ. P. 26(a)(1)(B). In particular, Rule 26(a)(1)(B)(ii) provides that "a forfeiture action in rem arising from a federal statute" is exempt from the disclosures of Rule 26(a)(1)(A). *Id.* The government therefore respectfully submits that, by its terms, the disclosure requirements of Rule 26(a) should not apply in this action.

4. The government further submits that the disclosure obligations provided for by Rule 26(a)(1)(A) would be inappropriate in a case such as this. As explained in greater detail in the government's memorandum in support of its motions to certify interlocutory appeals, *see* R. 102, discovery in this case could implicate classified information. The government therefore respectfully submits that if this case were not already exempt from the requirements of Rule 26(a)(1)(A), the nature of the case would present a circumstance in which the Court should, in the exercise of its discretion, forgo the discovery obligations provided for by Rule 26(a). *See* Fed. R. Civ. P. 26(a)(1)(A) (providing judicial authorization to exempt parties from Rule 26(a)'s general disclosure obligations).

5. Finally, the government notes that the Court, contemporaneous with its order in this case, issued an order in the related matter of *Art Insurance Co. v. Al Qaeda*, Case No. 12 C 1346, R. 29 (N.D. IL Oct. 18, 2012), again requiring the production of Rule 26(a)(1)(A) disclosures by December 20, 2012. E.A. 29. Although the government appeared in that case as a movant representing

the United States Marshals Service, it is not a party to the enforcement action.[2] Rather, the only named defendant in that case is Al Qaeda. E.A. 1. If, however, the United States were to file an appearance in the *Art Insurance Company* matter, the disclosure obligations normally imposed on civil litigants by Rule 26(a)(1)(A) would, once again, be inapplicable pursuant to Rule 26(a)(1)(B)(viii), which exempts "a proceeding ancillary to a proceeding in another court." Fed. R. Civ. P. 26(a)(1)(B)(viii). The *Art Insurance Company* action is, of course, an ancillary enforcement action brought pursuant to Title 28, United States Code, Section 1963 to register a judgment obtained by certain plaintiffs in litigation pending in the Southern District of New York. *See* E.A. 1; *In Re: Terrorist Attacks Upon the United States*, 03-MD-1570, R. 1756 & 1797 (S.D.N.Y Apr. 7, 2006 & May 12, 2006).

6. To the extent that the *Art Insurance Company* plaintiffs intend to institute proceedings in aid of their attempt to execute their judgment, Federal Rule of Civil Procedure 69(a)(1) requires that they do so in accord with Illinois state law. *See* Fed. R. Civ. P. 69(a)(1); *see also* Fed. R. Civ. P. 69(a)(2) (a party may obtain discovery in a judgment proceeding as provided by the federal rules or by the procedure of the state in which the court is located). The Illinois state law governing supplementary procedures does not provide for the same disclosures required by Rule 26(a)(1)(A). *See* ILCS S.Ct. Rule 277 and 735 ILL. COMP. STAT. ANN. 5/2-1402 (West 2011).

---

[2] The government appeared in the *Art Insurance* action for the purpose of filing a motion to quash the writ of execution and citation to discover assets served upon the Marshals Service. *See* E.A. 13, 17.

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Court strike its order requiring the parties to this action to adhere to the initial discovery disclosure requirements of Federal Rule of Civil Procedure 26(a)(1)(A).

        Respectfully submitted,

        GARY S. SHAPIRO
        Acting United States Attorney

By:  s/ Joel Hammerman    /
        JOEL HAMMERMAN
        Assistant United States Attorney
        219 South Dearborn, Room 500
        Chicago, Illinois 60604

        JAIKUMAR RAMASWAMY
        Chief, Asset Forfeiture and Money Laundering Section

By:  s/ Kondi Kleinman    /
        KONDI KLEINMAN
        JENNIFER AMBUEHL
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        1400 New York Ave., NW, Suite 10100
        Washington, D.C. 20530