**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L., BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6,<br><br>    Defendant. | No. 11 C 4175<br><br>Judge Matthew F. Kennelly |
| ART INSURANCE COMPANY, et al<br><br>    Plaintiffs,<br><br>  v.<br><br>AL QAEDA,<br><br>    Defendant. | No. 12 C 1346<br><br>Judge Matthew F. Kennelly |

**DECLARATION OF MARSHALL H. FIELDS, JR.**

    I, Marshall H. Fields, Jr., pursuant to 28 U.S.C. § 1746, declare the following under penalty of perjury:

    1.    I am the Assistant Director for the Information Disclosure Division of the Office of Resource Management for the Office of Foreign Assets Control ("OFAC") at the United States Department of the Treasury. I have served in this position since January 2008. Prior to becoming the Assistant Director, I served as the Senior Program Analyst for the Freedom of

Information Act ("FOIA"), Office of Resource Management at OFAC. I held that position beginning in July 2007. I was the FOIA Chief of the Office of Investigations at Immigration and Customs Enforcement ("ICE"), Department of Homeland Security from July 2004 until July 2007. In that capacity, I supervised the day-to-day operations of the FOIA program for ICE headquarters and had oversight of the FOIA programs operating through ICE's 26 Special Agents-in-Charge offices located throughout the United States.

2. My current official duties and responsibilities include the general management, oversight, and supervision of OFAC's Information Disclosure Division within the Office of Resource Management. This Division processes FOIA and Privacy Act requests assigned to OFAC. Due to the nature of my official duties, I am familiar with the procedures followed by OFAC in responding to FOIA requests, as well as OFAC's processing of the FOIA request described in paragraphs 49 through 55 of the claimants' *Statement of Material Facts* filed in the above-referenced *All Funds on Deposit with R.J. O'Brien & Associates*, 11 C 4175, R. 128 (N.D. Ill. April 29, 2013). The statements made in this declaration are based upon information within my personal knowledge or information made available to me in the performance of my official duties.

3. By letter dated July 30, 2003, Cozen O'Connor ("Cozen") submitted a FOIA request to the Department of the Treasury that requested, *inter alia*, information relating to the identification of assets belonging to: (i) state sponsors of terrorism; (ii) foreign terrorist organizations; and (iii) Executive Order 13224 designees identified in their FOIA request.

4. Cozen filed suit against the Department of the Treasury in the United States District Court for the Eastern District of Pennsylvania. That case was captioned: *Cozen O'Connor v. Treasury*, No. 2:05-cv-4332-TJS (E.D. Pa. Aug. 12, 2005). Following the initiation

of the lawsuit, the court issued an order on January 12, 2006, establishing a schedule for Treasury's processing of records responsive to the FOIA request, and requiring that such processing be completed, and responsive documents be produced, by November 3, 2006. That deadline was subsequently extended to December 1, 2006. Between January 12, 2006, and December 1, 2006, Treasury completed its search for and processing of responsive documents.

5. On December 1, 2006, Treasury sent Cozen a letter stating that Treasury had completed the processing of Cozen's FOIA request. The district court subsequently upheld both the adequacy of Treasury's search for responsive records, as well as its application of certain FOIA exemptions to withhold in whole or part particular records, and granted summary judgment in favor of Treasury. *See Cozen O'Connor v. Treasury*, No. 2:05-cv-4332-TJS, 2008 WL 5093379 (E.D. Pa. Dec. 12, 2008); *Cozen O'Connor v. Treasury,* 570 F. Supp. 2d 749 (E.D. Pa. 2008). In upholding the adequacy of Treasury's search, the court held that Treasury was under no obligation to update its response to Cozen's request after December 1, 2006, which Treasury had used as the "cut-off" date for its FOIA response. *See Cozen O'Connor*, 2008 WL 5093379 at *2.

6. The defendant funds at issue in the instant forfeiture proceeding (*i.e.*, all funds previously on deposit at R.J. O'Brien & Associates, held in the name of Bridge Investment, S.L., bearing account numbers XXX-X3931 and XXX-X1784) were blocked by OFAC pending investigation on June 18, 2007. Information relating to the defendant funds did not exist in OFAC's aggregate database of blocked assets at the time that Treasury conducted its search for records responsive to Cozen's FOIA request and were not addressed in Treasury's production.

7. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 10, 2013

_____
Marshall H. Fields, Jr.
Assistant Director, Information Disclosure Division
Office of Resource Management
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220