UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | No. 11 C 4175 |
| | : | |
| v. | : | Judge Matthew F. Kennelly |
| | : | |
| ALL FUNDS ON DEPOSIT WITH R.J. | : | |
| O'BRIEN & ASSOCIATES, HELD IN THE | : | |
| NAME OF BRIDGE INVESTMENT, S.L., | : | |
| BEARING ACCOUNT NUMBERS XXX- | : | |
| X3931 AND XXX-X1784, MAINTAINED | : | |
| AT HARRIS BANK, ACCOUNT NUMBER | : | |
| XXX-171-6, | : | |
| | : | |
| Defendant. | : | |

_____

**<u>Claimants' Response to Government's Additional Facts</u>**

Pursuant to Local Rule 56.1(a), Claimants hereby submit the following responses to Government's Additional Facts:

1.     In addition to the claimants in the forfeiture action, AXA Art Insurance Company, AXA Global Risks (UK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA Re, AXA Re Canadian Branch, AXA Re UK Plc, AXA Versicherung, and SPS Re are named as plaintiffs in the enforcement action. E.A. 1, 5.

**Response:**     Undisputed.

2.     On August 12, 2005, Cozen O'Conner ("Cozen"), as counsel for various plaintiffs, including claimants, "prosecut[ing] various civil litigation claims against individuals, organizations and nations it believes were responsible for assisting al Qaida with the attacks on America on September 11, 2001," filed suit against the Treasury Department in U.S. District

Court for the Eastern District of Pennsylvania, seeking responses to Freedom of Information Act inquiries previously submitted to the government by Cozen. Affidavit of Marshal H. Fields, Jr., attached hereto as Exhibit B, ¶ 4; *Cozen O'Connor v. Treasury,* Case No. 2:05-CV-4332-TJS (E.D. Pa. Aug.12, 2005).

      **Response:**     Undisputed.

      3.      The district court overseeing the *Cozen* litigation issued an order on January 12, 2006, requiring the Department of the Treasury to process and produce records responsive to Cozen's FOIA request by November 3, 2006. Ex. B, ¶ 4.

      **Response:**     Undisputed but immaterial.

      4.      The deadline in the court's January 12, 2006 order was subsequently extended to December 1, 2006. Ex, B, ¶ 4.

      **Response:**     Undisputed but immaterial.

      5.      Between January 12, 2006, and December 1, 2006, Treasury completed its search for and processing of responsive documents. Ex. B, 114.

      **Response:**     Undisputed but immaterial.

      6.      On December 1, 2006, Treasury sent Cozen a final letter informing Cozen that Treasury had completed the processing of its FOIA request. Ex. B, ¶ 5.

      **Response:**     Undisputed but immaterial.

      7.      The district court overseeing the *Cozen* litigation subsequently upheld both the adequacy of Treasury's search for responsive records, as well as its application of certain FOIA exemptions to withhold, in whole or in part, particular records.  The court granted summary

judgment in favor of Treasury. Ex. B, ¶ 5; *Cozen O'Connor v. Treasury*, 2:05-cv-4332-TJS, 2008 WL 5093379, *2 (E.D. Pa. December 2, 2008).

**Response:** Undisputed that the court granted summary judgment in favor of Treasury, and that the court upheld Treasury's categorical refusal to disclose details concerning the location and nature of blocked al Qaeda assets.

8. In upholding the adequacy of Treasury's search, the district court overseeing the *Cozen* litigation held that Treasury was under no obligation to update its response to Cozen's request after December 1, 2006. The district court held that Treasury had appropriately used December 1, 2006, as the "cut-off" date for its FOIA response. Ex. B, ¶ 5; *Cozen O'Connor*, 2008 WL 5093379 at *2.

**Response:** Undisputed but immaterial.

9. The defendant funds at issue in the instant forfeiture proceeding were blocked pending investigation on June 18, 2007. Parties' Stipulation of Undisputed Facts, R. 129, attached hereto as Exhibit A, ¶ 18; Ex. B, ¶ 6.

**Response:** Undisputed but immaterial.

10. Information relating to the defendant funds did not exist in OFAC's aggregate database of blocked assets at the time that Treasury conducted its search of the database for records responsive to Cozen's FOIA request. Information relating to the defendant funds was not included in Treasury's production to Cozen. Ex. B, ¶ 6.

**Response:** Undisputed that Treasury did not provide Cozen with information relating to the defendant funds.

11.    As the defendant funds were not blocked pending investigation until after the December 1, 2006, cut-off date that the district court overseeing the *Cozen* litigation had approved as the "cut-off" date Treasury's review, Treasury was under no obligation to process records relating to the defendant funds in response to the FOIA request.  Ex. B, ¶ 6.

**Response:**    Undisputed that Treasury was not required to process records relating to the defendant funds in response to the FOIA request. Disputed to the extent that this statement suggests that the Government would have provided such information, and further disputed to the extent that this assertion suggests that the Government had no obligation to advise claimants of the defendant funds.

12.    Though the claimants were aware that the Department of the Treasury had blocked additional al-Qaeda associated funds in 2007, they did not submit an updated request to Treasury requesting additional information concerning blocked al-Qaeda assets.  *See* Claimants' Amended Answers to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit C, ¶ 7.

**Response:**    Undisputed but immaterial.  To the extent that this statement suggests that Claimants did not continue to pursue the defendant funds, this assertion is inaccurate.  To the contrary, Claimants sought their monetary judgment for the specific purpose of targeting blocked al Qaeda assets disclosed in the 2011 Treasury Department *Treasury Assets Report*, which included the defendant funds.  Further, based on the proceedings in the *Cozen* litigation, the submission of any such request would have been futile.

13.    The claimants failed to provide notice of their enforcement action, which was docketed before Judge Gettleman, to the government or this Court.  *See* generally, *Art Insurance Company v. Al Qaeda*, 12 C 1346 N.D. Ill.).

**Response:**     Disputed and immaterial.  Judge Gettleman is a judge of the United States District Court for the Northern District of Illinois, the same "Court" that is presiding over the present forfeiture action.  The enforcement action was filed in accordance with the rules of this "Court," and this "Court" received notice of that action in accordance with its established procedures.  To the extent that this statement suggests that Claimants were required to provide separate advance notice of their enforcement action to the Government or the Honorable Matthew F. Kennelly, that assertion is inaccurate. Further, as this Court has observed, even if such a requirement did exist, a new citation could have been issued to cure any perceived jurisdictional defect, an approach this Court deemed unnecessary.

14.     Claimants informed the forfeiture court of its enforcement action only after serving the citation and procuring Judge Gettleman's issuance of the writ.  R. 77.

**Response:**     Disputed and immaterial.  Disputed to the extent that this statement fails to recognize that the enforcement action was automatically docketed before Judge Gettleman and that contemporaneous with the filings of the writ of execution and notice of citation to discover assets, plaintiffs in the enforcement action notified the judge presiding over the forfeiture proceeding of their efforts to attach the subject assets in satisfaction of their judgment.

Respectfully submitted,

COZEN O'CONNOR

Sean P. Carter, Esquire                 */s/  James I. Tarman, Jr.*
PA Bar No. 78886                         James I. Tarman, Jr., Esquire
Stephen A. Miller, Esquire               Illinois State Bar No. 06274360
PA Bar No. 308590                        Cozen O'Connor
Cozen O'Connor                           333 West Wacker Drive
1900 Market Street                       Chicago, IL 60606-1293
Philadelphia, PA 19103                   312-382-3100
215-665-2020                             jtarman@cozen.com

scarter1@cozen.com
samiller@cozen.com                    *Attorneys for Claimants*