IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

AMERICAN ALTERNATIVE INSURANCE
COMPANY, THE PRINCETON EXCESS &
SURPLUS LINES INSURANCE COMPANY,
AND GREAT LAKES UK INSURANCE
COMPANY,

                Claimant.

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:11-CV-4175 |
|        Plaintiff, | **AMENDED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE** |
| v. | |
| ALL FUNDS ON DEPOSIT WITH R.J. O'BRIEN & ASSOCIATES, HELD IN THE NAME OF BRIDGE INVESTMENT, S.L. BEARING ACCOUNT NUMBERS XXX-X3931 AND XXX-X1784, MAINTAINED AT HARRIS BANK, ACCOUNT NUMBER XXX-171-6 (11-FBI-004452) | |
|        Defendant. | |

**AMENDED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

By and through its attorneys, Cozen O'Connor, and in accordance with the Court's Memorandum Opinion and Order of September 25, 2012, Claimants American Alternative Insurance Company, the Princeton Excess & Surplus Lines Insurance Company, and Great Lakes UK Insurance Company (collectively, "Claimants") submit an Amended Answer to Verified Complaint in Forfeiture admit, deny and allege as follows:

    1.     Claimants admit the allegations set forth in paragraph 1.

## Statutory Authority

2. Admitted in part and denied in part. Claimants admit that Defendant Funds consist of the property as enumerated. Claimants deny that the funds are forfeitable under the statutes cited.

3. The allegations in paragraph 3 relate to this Court's jurisdiction and are conclusions of law to which no response is required.

4. The allegations in paragraph 4 relate to this Court's jurisdiction and are conclusions of law to which no response is required.

5. The allegations in paragraph 5 relate to venue and are conclusions of law to which no response is required.

## Specific Allegations

*R.J. O'Brien & Associates*

6. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

*Bridge Investment, S.L. and Mohammad Qasim al Ghamdi*

8. Admitted in part and denied in part. Claimants admit that the account at issue was opened with RJO. Claimants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. Claimants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Claimants admit that Mohammad Qasim al Ghamdi had ownership and control of the subject funds. Claimants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10.

*Muhammad Abdallah Abdan Al Ghamdi and Al-Qaeda*

11. Claimants admit the allegations set forth in paragraph 11.
12. Claimants admit the allegations set forth in paragraph 12.
13. Claimants admit the allegations set forth in paragraph 13.
14. Claimants admit the allegations set forth in paragraph 14.
15. Claimants admit the allegations set forth in paragraph 15.
16. Claimants admit the allegations set forth in paragraph 16.
17. Claimants admit the allegations set forth in paragraph 17.

*Al-Qaeda Fund Raising and Bridge Investment, S.L.*

18. Claimants admit the allegations set forth in paragraph 18.
19. Claimants admit the allegations set forth in paragraph 19.
20. Claimants admit the allegations set forth in paragraph 20.
21. Claimants admit the allegations set forth in paragraph 21.

*The Bridge Investment, S.L. Funds*

22. Admitted in part and denied in part. Claimants admit that the subject funds were maintained by Bridge Investments and contained in RJO accounts. As to the remaining allegations in paragraph 22, regarding the management, trading strategy and value of the investment account, Claimants are without knowledge or information sufficient to form a belief as to same.

*The OFAC Block*

23.     Admitted in part and denied in part. Claimants admit that OFAC has the authority to block investment accounts pending investigation pursuant to Executive Order 13224 and that that the defendant funds have remained OFAC blocked since that date. Claimants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23, and therefore deny same.

FIRST CLAIM FOR RELIEF

(18 U.S.C. § 981(A)(1)(G)(i) – Federal Crime of Terrorism)

24.     Admitted in part and denied in part. Claimants admit the allegations set forth in paragraph 24 to the extent that the allegations demonstrate that there is probable cause to believe that the Defendant Funds constitute assets of an individual, entity, and organization engaged in planning and perpetrating a federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens and residents of the United States, and their property. Claimants deny that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) or any other statute. According to the allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. As set forth in more detail in their Amended Verified Claims, Claimants have an existing judgment against al Qaeda. In light of this judgment, as well as Claimants' lien against the Defendant Funds and al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimants have a legal interest in all funds and assets which are the subject of this forfeiture action.

SECOND CLAIM FOR RELIEF

(18 U.S.C. § 981(a)(1)(G)(i) – Federal Crime of Terrorism)

25.     Admitted in part and denied in part.  Claimants admit the allegations set forth in paragraph 25 to the extent that the allegations demonstrate that there is probable cause to believe that Defendant Funds constitute assets affording a person a source of influence over an entity and organization engaged in planning and perpetrating a federal crime of terrorism (as defined in Title 18, United States Code,  Section 2332b(g)(5)) against the United States, citizens and residents of the United States, and their property.  Claimants deny that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) or any other statute.  According to the allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates.  As set forth in more detail in their Amended Verified Claims, Claimants have an existing judgment against al Qaeda.  In light of this judgment, as well as Claimants' lien against the Defendant Funds and al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimants have a legal interest in all funds and assets which are the subject of this forfeiture action.

THIRD CLAIM FOR RELIEF

(18 U.S.C. § 981(a)(1)(G)(iv) – International Terrorism)

26.     Admitted in part and denied in part.  Claimants admit the allegations set forth in paragraph 26 to the extent that the allegations demonstrate that there is probable cause to believe that the Defendant Funds constitute assets of an individual, entity, and organization engaged in planning and perpetrating an act of international terrorism against a foreign government.  Claimants deny that the Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) or any other statute.  According to the

allegations of the complaint, Defendant Funds consist of assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. As set forth in more detail in their Amended Verified Claims, Claimants have an existing judgment against al Qaeda. In light of this judgment, as well as Claimants' lien against the Defendant Funds and al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimants have a legal interest in all funds and assets which are the subject of this forfeiture action.

Affirmative Defenses

Claimants affirmatively assert their interest in the funds and assets which are the subject of this forfeiture action. The Defendant Funds constitute assets of the al Qaeda terrorist organization and/or of known al Qaeda associates. Claimants have made payments for the damages, losses and injuries resulting from the September 11th Attacks in the amounts set forth in the Amended Verified Claims. Claimants have an existing judgment against al Qaeda in a suit seeking reimbursement for all losses and costs incurred as a result of the September 11th Attacks. In light of this judgment, as well as Claimants' lien against the Defendant Funds and al Qaeda's acknowledged responsibility for carrying out the September 11th Attacks, Claimants have a legal interest in all funds and assets which are the subject of this forfeiture action. Claimants specifically claim that Defendant Funds are subject to execution or attachment in aid of execution in order to satisfy Claimants' judgment against al Qaeda pursuant to §201 of the Terrorism Risk Insurance Act, and therefore not subject to forfeiture to the United States government. Claimants further assert that the Defendant Funds are not subject to forfeiture under the anti-terrorist forfeiture protection codified in 18 U.S.C. § 987 and the "innocent owner" exceptions codified in 18 U.S.C. § 983(d).

WHEREFORE, Claimants respectfully request the following relief:

1. Adjudication of this forfeiture action in accordance with Claimants' interest in the Defendant Funds as set forth above and in their Amended Verified Claims filed on October 2, 2012; and

2. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

COZEN O'CONNOR

| | |
|---|---|
| Sean P. Carter, Esquire | */s/ James I. Tarman, Jr.* |
| PA Bar No. 78886 | James I. Tarman, Jr., Esquire |
| Stephen A. Miller, Esquire | Illinois State Bar No. 06274360 |
| PA Bar No. 308590 | Cozen O'Connor |
| Cozen O'Connor | 333 West Wacker Drive |
| 1900 Market Street | Chicago, IL 60606-1293 |
| Philadelphia, PA 19103 | 312-382-3100 |
| 215-665-2020 | jtarman@cozen.com |
| scarter1@cozen.com | |
| samiller@cozen.com | *Attorneys for Claimants* |